IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CROSSROADS CARRIERS LLC and JENNIFER CROSS,<br>*Plaintiffs*,<br><br>v.<br><br>TX ACES LOGISTICS and MICHELLE LYLES,<br>*Defendants*. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 9:22-CV-62-MJT-CLS<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. Pending before the court is Plaintiff's Motion for Default Judgment. (Doc. #31.) After review, the undersigned recommends granting the motion.

**I.     Background**

On April 7, 2022, Plaintiffs, Crossroads Carriers, LLC, and Jennifer Cross filed a complaint for breach of contract against TX Aces Logistics and Michelle Lyles. (Doc. #1.) The complaint was amended on May 5, 2022. (Doc. #4.) The amended complaint asserts that the Defendants contracted with Plaintiffs whereby Defendants would provide dispatching services for Plaintiffs and would procure proper insurance for Plaintiffs' truck and trailer. (Doc. #4 at 1-2.) According to Plaintiffs, their driver was involved in an accident in which the truck and trailer were damaged. (Doc. #4 at 2.) Insurance coverage to repair or replace the truck and trailer was denied as Defendants failed to insure them as required under the contract. (Doc. #4 at 3-4.) Accordingly,

the complaint alleges that Defendants are liable for the losses of the equipment (truck and trailer), expenses related to the towing and storage of the equipment, as well as loss of earnings due to the loss of the equipment. (Doc. #1 at 5.)

Plaintiff Jennifer Cross, originally proceeding *pro se* in this litigation, was allowed to proceed *in forma pauperis*. (Doc. 3.) Summonses were issued on December 22, 2022. On January 9, 2023, the U.S. Marshal charged with serving process on Defendants returned the summonses executed. (Docs. #24, 25.) Each Defendant was personally served on January 6, 2023. (Docs. #24, #25.) Answers were due from each defendant by January 27, 2023. To date, no answer or other responsive pleading has been filed by either defendant. The Clerk's Entry of Default was filed on April 17, 2023. (Doc. #30.)

Plaintiffs filed the pending Motion for Default Judgment (doc. #31) on May 1, 2023. In the motion, Plaintiffs assert that the Defendants have failed to plead or otherwise defend against this action as required by law. (Doc. #31 at ¶10.) Plaintiffs attach an affidavit stating that individual defendant Michelle Lyles is not in the military (doc. #31 at 5), and Plaintiffs include the affidavit of Jennifer Cross setting forth the Plaintiffs' liquidated damages (doc. #31 at 7-10). Plaintiffs allege damages of $60,437 (value of truck which was a total loss), $20,718 (value of trailer which was a total loss), $10,700 (towing and storage fees following accident) and $44,825.50 (lost wages resulting from loss of truck and trailer). (Doc. #31 at 7-10.) Therefore, Plaintiffs request that the court enter a judgment against Defendants in the amount of $136,680.50 for damages resulting from breach of contract.

## II.     Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

2

party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment.  50 U.S.C. § 3931(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)).  The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009).  Rather, the court must determine: "(1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive." *Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-00541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023) (citing *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017)); *see also United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true.  *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

Regarding damages, however, it is the court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Oil States Int'l, Ltd. v. Richard*, No. 22-2437, 2022 WL 17968055, at *4 (E.D. La. Dec. 27, 2022) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  A plaintiff is not entitled to have its allegations regarding damages

3

accepted as true. *Shipco Gen., Inc.*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.")

**Discussion**

The court must address both the procedural and substantive standards to warrant the default judgment.

    A. <u>Procedural Standard</u>

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. Defendants, after proper service, have not made an appearance. A court may enter a default judgment when a party has failed to plead or otherwise defend. FED. R. CIV. P. 55. The material facts are established by the affidavit of Jennifer Cross and are otherwise uncontested.

    B. <u>Substantive Standard</u>

Default judgment is also substantively warranted here. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir.2007). The well-pleaded allegations in the complaint are that Defendants were contractually obligated to procure physical damage insurance for Plaintiffs'

equipment and failed to do so, thus breaching the contract. (Doc. #4 at 2-3.) As a result of the breach, Plaintiffs incurred damages of $60,437 (value of truck which was a total loss), $20,718 (value of trailer which was a total loss), and $44,825.50 (lost wages resulting from loss of truck and trailer). These contractual and consequential damages are, therefore, established.

Plaintiffs, however, have not proven that Defendants were contractually obligated to provide towing or storage services or insurance coverage for such items. While the policy purportedly obtained by Defendants does include Roadside Assistance coverage, which would include towing, there is no proof as to whether such coverage included storage and no evidence has been offered as to the cost of towing separate from storage. Consequently, the undersigned finds that Plaintiffs have not established the alleged damages related to towing or storage.

Accordingly, the undersigned finds that Plaintiffs' Motion for Default Judgment should be granted, and the court should enter a default judgment against Defendants in the amount of $129,980.50.

### III.     Recommendation

For the foregoing reasons, the undersigned recommends **GRANTING** the Plaintiffs' Motion for Default Judgment (doc. #31) and entering Final Judgment against Defendants, jointly and severally, in the amount of $129,980.50.

### IV.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 30th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE